## STIGNITZ v. LAMBORGHINI.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

MASTER AND SERVANT ⬢332(4)—INJURIES TO THIRD PERSONS—ACTIONS—INSTRUCTIONS.

In an action for injuries sustained in a collision with a wagon owned by defendant and driven by an apprentice employed by defendant, the court erred in refusing an instruction that if the apprentice was not authorized to drive the wagon, or if it was not within the scope of his business to drive the wagon, defendant was not liable, where, though the court undoubtedly intended to set forth this proposition of law in the main charge, it was not squarely placed before the jury in clear language.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1274–1277; Dec. Dig. ⬢332(4).]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Edith Stignitz, an infant, by Alfred Stignitz, her guardian ad litem, against John Lamborghini. From a judgment rendered in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Anthony J. Romagna, of New York City, for appellant.

Ignace Irving Apfel, of New York City (Sydney S. Braunberg, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff was injured by a collision with a wagon owned by the defendant, and driven by a young apprentice employed by the defendant and a brother of the apprentice, aged 9. The main defense relied on by the defendant was that the apprentice had taken the wagon and was driving it for his own pleasure, and was acting without authority from his employer. At the close of the charge to the jury the defendant asked the court to charge that:

"If this Harry Cocchilicco, although an employé of the defendant, was not authorized to drive the wagon, or that it was not within the scope of his business to drive the wagon, the defendant is not liable."

The trial justice declined to charge other than he had already charged on that subject. It is not disputed that under the circumstances of this case the request to charge correctly states the law, but it is urged that the trial justice had already charged that proposition of law in his main charge, though in other words. A trial judge is undoubt-

edly bound to comply with a request to charge, if that request properly sets forth the law applicable to the case, unless the main charge sets forth the same proposition in clear language, so that the jury have already been sufficiently instructed as to the law.  In this case, while the trial judge undoubtedly intended to set forth this proposition of law, I cannot find that the charge brought the real proposition squarely before the jury, and the defendant was entitled to have the matter made clear.

Judgment should be reversed, and a new trial ordered, with $30 costs to the appellant to abide the event.  All concur.